# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1726
_____

United States of America

*Plaintiff - Appellee*

v.

Steven Wayne Whitesell

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Springfield
_____

Submitted: May 15, 2026
Filed: July 23, 2026
[Unpublished]
_____

Before L.R. SMITH, BENTON, and STRAS, Circuit Judges.
_____

PER CURIAM.

An officer stopped Steven Whitesell for a traffic violation. As the officer approached Whitesell's vehicle, he saw a firearm under a pillow on the front passenger seat. The officer took possession of the weapon. During the stop, Whitesell disclosed that he was a felon. The government indicted Whitesell for unlawful possession of a firearm by a felon. Whitesell pleaded guilty a few months

later. The district court[1] sentenced him to an above-Guidelines sentence. Whitesell appeals, challenging the substantive reasonableness of the district court's upward variance. He argues that the district court failed to give sufficient weight to certain sentencing factors. We affirm.

Whitesell was 43 years old at the time of this offense. He has a criminal record dating back to the age of 17. His record includes four prior felony convictions. The presentence report assigned criminal history points only to the qualifying misdemeanor convictions and his most recent felony conviction, resulting in 12 criminal history points and a criminal history category of V. The recommended Guidelines range was 27 to 33 months' imprisonment.

At sentencing, the government argued that the calculated Guidelines range underrepresented Whitesell's criminal history because several of his convictions received no criminal history points. The government therefore recommended 78 months' imprisonment followed by three years of supervised release.

Ultimately, the district court sentenced Whitesell to 60 months' imprisonment. In explaining its sentence, the court discussed Whitesell's criminal history at length and noted that three felony convictions—felony stealing, tampering with a witness, and second-degree assault—occurred before he turned 24. The court distinguished these early convictions from his later criminal conduct, noting that adults prior to age 24 lack intellectual maturity. However, the district court did emphasize Whitesell's misdemeanor domestic-assault conviction at age 30:

> This I do consider in that there are heightened concerns with felons who possess firearms who have an assaultive background. There's a heightened concern when felons who possess firearms also have a history of substance abuse. There's also a heightened concern for felons

---

[1]The Honorable Roseann A. Ketchmark, United States District Judge for the Western District of Missouri.

in possession of a firearm if there's a history of domestic assaultive conduct. So this conviction at age 30 . . . is a flag for the [c]ourt.

R. Doc. 38, at 5–6.

This appeal followed.

"We review a defendant's challenge to substantive reasonableness under a highly deferential abuse-of-discretion standard." *United States v. Jones*, 71 F.4th 1083, 1086 (8th Cir. 2023). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation modified). We "must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 461–62 (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).

The district court discussed at length the dangerous character of Whitesell's most recent convictions. It varied upward because of his "underrepresented criminal history." *United States v. Barrett*, 552 F.3d 724, 726 (8th Cir. 2009). An underrepresented criminal history may support an upward variance, when supported by the record, even if the variance is "based on criminal history already accounted for by the Guidelines." *United States v. Manuel*, 73 F.4th 989, 993 (8th Cir. 2023).

The district court rejected the government's recommended sentence of 78 months, choosing instead to discount Whitesell's youthful indiscretions. The district court stated:

> I am persuaded by [Whitesell's] argument that many of the offenses occurred when the defendant was less than 25. And I agree with [Whitesell]—and I know that's a common argument and theory in defense cases that young folks under 25 really don't have the full

mature judgment, adult judgment and that that should be a factor. And I personally believe that there's merit to that point.

R. Doc. 38, at 4.

When a district court decides that the defendant deserves a sentence beyond the Guidelines range, the district court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. "[A] major departure should be supported by a more significant justification than a minor one." *Id.* Here, the district court's analysis of the sentencing factors, including the history and characteristics of the defendant, the need to provide just punishment for the offense, the desire for deterrence, and the value of protecting the public all justified the upward variance. "The district court's focus on [Whitesell's] criminal history—including his 'aged-out' convictions—was appropriate considering [Whitesell's] lengthy violent criminal record . . . ." *Manuel*, 73 F.4th at 993.

We therefore affirm.

_____